Donald RIGGS, Appellant,

v.

The STATE of Texas, Appellee.

Robert PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54059, 54060.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 8, 1978.

---

Robert N. Eames, Jerry A. Garrett, Denton, for appellants.

John E. Lawhon, County Atty., and Mervin B. Waage, Asst. County Atty., Denton, for the State.

Before THOMAS G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is a joint appeal from separate convictions for misdemeanor theft of property over the value of $20.00 and less than $200.00 under V.T.C.A., Penal Code, Sec. 31.03(d)(3). The causes were consolidated and tried before the court on March 25, 1976. Each appellant was found guilty and punishment assessed at thirty days' confinement in jail. Appellants were sentenced on April 22, 1976, at which time notice of appeal was given.

The information under which each appellant was tried alleged:

" . . . did then and there knowingly and intentionally appropriate property, other than real property, to-wit: a CB antennae of the value of more than $20 and less than $200 without the effective consent of James H. Cobb the owner thereof and with intent to deprive James H. Cobb of said property . . ."

Appellants urge the insufficiency of the evidence as to the value of the property stolen. The record reflects that no proof was offered as to the specific value of the stolen antenna, only an aggregate value of $29.95 for the antenna kit, which contained the antenna, as well as the trunk mount and a co-axial cable. The aggregate value of $29.95 does not prove that the CB antenna alleged in the information exceeded $20.00 in value. There was no breakdown of the value of each item involved in the "kit" and it was undisputed that only the antenna part was stolen.

In *Wilson v. State*, 536 S.W.2d 375 (Tex. Cr.App.1976), this Court stated in a similar case:

"It is axiomatic, however that a conviction for theft cannot rest in whole or in part upon the theft of property not alleged in the indictment to have been stolen. The indictment in the instant case alleged theft of a camera only, not any case or accessories."

"When the only testimony as to total value states an amount including the value of items not alleged to have been stolen, there is in effect no evidence whatsoever that the value of the items so alleged was over the amount necessary to support the conviction. To permit a conviction to stand where the State has utterly failed to present any evidence upon an essential element of the offense is a denial of due process of law."

The judgments are reversed and the causes remanded.