Haywood v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00130-CR







Shonda Haywood, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 396,470, HONORABLE DAVID E. PURYEAR, JUDGE PRESIDING







 Following a bench trial, the trial court found appellant Shonda Haywood guilty of
criminal mischief. Tex. Penal Code Ann. § 28.03(a) (West 1994). (1) The trial court assessed
punishment at sixty days' confinement in the Travis County Jail and a $1,000 fine. The court
probated the jail time and $700 of the fine, ordering appellant to pay $348 in restitution to the
victim, David Grigsby. We will affirm.



BACKGROUND


 On June 9, 1993, David Grigsby attempted to merge into rush hour traffic on the
"Mo-Pac" expressway in Austin, Texas. Either moving over from a center lane or continuing in
the far right lane, appellant's car occupied the lane Grigsby sought to enter. Grigsby claims that
appellant ran him off the road. Appellant claims that Grigsby almost hit her vehicle as he
aggressively entered the lane. In either event, the two exchanged gestures and went their
respective ways.

 Grigsby and appellant met again as they each took the same exit. Each contends
that the other drove in front, slamming on his or her brakes. Grigsby followed appellant to her
place of work, allegedly cursing appellant once they came to a stop. In response, appellant
retrieved a baseball bat from the trunk of her car. As she advanced toward Grigsby's vehicle, a
security guard approached and asked Grigsby to leave. As Grigsby began to drive away,
appellant struck his truck with the baseball bat. Based on the guard's assurance that no damage
had been done to his vehicle, Grigsby drove away. However, some time after Grigsby left, he
looked in his rearview mirror and noticed that his truck was dented. Grigsby returned to the
scene of the incident to take up his complaint with appellant. 

 The State prosecuted appellant for criminal mischief, contending that she caused
property damage to Grigsby's vehicle in an amount exceeding twenty dollars, but less than two
hundred dollars. The trial court found appellant guilty of a Class B misdemeanor. See Act of
May 29, 1989, 71st Leg., R.S., ch. 1253, § 1, 1989 Tex. Gen. Laws 5055, 5055 (Tex. Penal
Code Ann. § 28.03(b)(2), since amended) (hereinafter "former section 28.03(b)(2)"). (2) Appellant
appeals her conviction, complaining about the sufficiency of the evidence.




STANDARD OF REVIEW


 When reviewing the legal sufficiency of the evidence supporting a criminal
conviction, the court must determine whether the record evidence could reasonably support a
finding of guilt beyond a reasonable doubt. The question is not whether the evidence at trial
established guilt beyond a reasonable doubt. Instead, the appropriate inquiry is whether any
rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 



DISCUSSION


 In her single point of error, appellant asserts that the evidence was legally
insufficient to support her conviction for Class B misdemeanor criminal mischief. She does not
deny using the baseball bat; instead, she urges that the blow by the baseball bat did not inflict
twenty dollars' worth of damage, thereby lowering her offense to a Class C misdemeanor. See
Tex. Penal Code Ann. § 28.03(b)(1)(A) (West 1994). Appellant does not dispute Grigsby's $348
repair estimate. Rather, she claims that Grigsby left the scene of the incident, defaced his own
vehicle, and returned to hold appellant accountable for the damage. 

 A person commits criminal mischief if one intentionally or knowingly: (1) damages
another's tangible property; (2) tampers with another's tangible property and causes pecuniary loss
or substantial inconvenience to either the owner or a third person; or (3) makes markings on
another's tangible property. Tex. Penal Code Ann. § 28.03(a) (West 1994). Penalties for
criminal mischief vary depending on the amount of the resulting property damage. The statute
in effect when this incident occurred provided that causing damage valued between twenty and two
hundred dollars constituted a Class B misdemeanor. Former section 28.03(b)(2). Damage less
than twenty dollars was a Class C misdemeanor with substantially lower penalties. Tex. Penal
Code Ann. § 28.03(b)(1)(A) (West 1994). 

 The evidence supporting appellant's conviction is abundant. Grigsby testified that
appellant struck his vehicle with a baseball bat. The security guard confirmed his testimony,
stating that appellant struck the bat against Grigsby's truck as he drove away. Grigsby testified
that the blow must have dented his truck, and that the truck had not been dented before the
incident. A body shop supervisor with years of experience performing auto repair estimates
testified about the damage to Grigsby's truck. He stated that the dents were "fist size," "or
something like a blunt object had just done a series of hits." He testified that the damage was
inconsistent with that produced by hail or an automobile collision. Acknowledging that all of the
dents came from the same angle, the witness indicated that the "series of dents" could have been
the result of a "ripple effect." He did not specify the number of separate dents, but he estimated
that the repair cost would be $348.

 Appellant emphasizes inconsistencies in the evidence. She struck Grigsby's vehicle
only one time; however, the damage consists of a "series of dents." In addition, the security
guard testified that he saw only a single dent on the truck. Appellant claims that Grigsby left the
scene of the incident, returning some time later with "newfound damage." Appellant infers that
Grigsby must have damaged his own vehicle after the incident "for the purpose of inflating the
appraisal." 

 The record reflects, however, that the security guard made only a cursory
inspection of Grigsby's vehicle. Further, the auto body repair witness testified that a strike by
a blunt object can cause a "ripple effect," making the dents most clearly visible when one looks
down the side of the vehicle, as through a rearview mirror. He stated that it would be difficult
to observe the damage when viewing the dents straight on. Finally, it is possible that a number
of dents could result from a single blow. Given that all of the dents are from the same angle, the
"series of dents" could be the result of the "ripple effect." 

 The evidence also offers an explanation for Grigsby's departure. Grigsby testified
that he did not observe the damage until after he drove away. He left the area relying on the
security guard's assurance that there was no damage, even though the guard later testified that he
did not inspect the truck carefully. Further, the guard asked Grigsby to leave the area quickly to
avoid further conflict. The auto body repair witness testified that this type of dent is more
noticeable when looking down the side of the vehicle. He stated specifically that the damage
would be more apparent when seen from a rearview mirror. Thus, the evidence reveals that the
damage could have become apparent to Grigsby only after he left the area, and that he returned
when it became evident. 

 Maintaining that she only caused one dent, rather than a "series of dents," appellant
also argues that appellee did not offer proof of pecuniary loss resulting from one dent. According
to appellant, the appraisal for the "series of dents" is insufficient to prove that the damage inflicted
by appellant exceeded $20. Appellant's argument relies on the hypothesis that Grigsby damaged
his own vehicle after the incident to inflate the repair bill. Based upon the evidence, however,
a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could
find that appellant caused the damage to Grigsby's vehicle in the amount charged. See Jackson,
443 U.S. at 318-19; Griffin, 614 S.W.2d at 159. (3)



CONCLUSION


 We hold that a rational trier of fact, viewing the evidence in the light most
favorable to the prosecution, could have found beyond a reasonable doubt that appellant damaged

Grigsby's vehicle causing damage in the amount charged. Accordingly, we overrule appellant's
point of error and affirm the judgment of the trial court.




 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 15, 1995

Do Not Publish
1. [1]  This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense occurred. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, did not
alter section 28.03(a), we cite the current code for sake of convenience.
2. [2]  A Class B misdemeanor for the offense of criminal mischief required pecuniary loss of
$20 or more, but less than $200. Former section 28.03(b)(2).
3. [3]  We note that appellant cites Riggs v. State, 561 S.W.2d 196 (Tex. Crim. App. 1978), in
support of her argument. In Riggs, the defendant appealed his misdemeanor conviction for
stealing a CB antenna worth between $20 and $200, arguing that the evidence was insufficient
to establish $20 worth of pecuniary loss. The prosecution did not offer evidence as to the
value of the stolen antenna itself. Rather, the evidence established the value of a $29.95
antenna kit, which contained not only the antenna, but also a trunk mount and some wiring. 
Reasoning that there was nothing to show that the antenna, the only part stolen, was worth at
least $20, the court held that the evidence was insufficient to support the defendant's
conviction. Id. at 197.

 In Riggs, the issue was whether the pecuniary loss was within the range charged. Here,
there is no doubt as to whether the damage to Grigsby's vehicle exceeds the amount necessary
to support a conviction for Class B criminal mischief. Appellant does not dispute the amount
of damage to the vehicle. Instead, she argues that she did not cause the damage.