Affirmed; Opinion of December 18, 2003, Withdrawn and Substitute Opinion
filed March 16, 2004















Affirmed;
Opinion of December 18, 2003, Withdrawn and Substitute Opinion filed March 16,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00277-CR

____________

 

CLYDE TOVAL,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

______________________________________________________




 
 
 
 
 
 
 
 
 
  
 


 



On Appeal from the County
 Criminal Court at Law No.
12

Harris County, Texas

Trial Court Cause No. 1141557

 

______________________________________________________




 
 
 
 
 
 
 
 
 
 
 
  
 


 



S U B S T I T U T E  
O P I N I O N

            We withdraw our opinion of December
18, 2003, and issue this substitute opinion in its place.  Appellant, Clyde Toval, appeals his conviction
for misdemeanor theft.[1]  In a written statement, appellant admitted
taking several items, including bottles of Promethazine and several Xanax
tablets, from the pharmacy where he worked. 
After a trial to the bench, the trial court found appellant guilty and
assessed punishment at 180 days in jail, probated for nine months.  The parties are familiar with the facts, so
we will not recount them in detail here. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion.  See Tex. R. App. P.
47.4.

Corpus Delecti

            In his first issue, appellant
contends the evidence was legally insufficient to establish the corpus delecti
of theft.  In reviewing the evidence, we
apply the normal standard of review.  See Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000).  

            The corpus delecti rule requires a
defendant’s extrajudicial confession to be corroborated by other evidence
tending to show a crime was committed.  See Salazar v. State, 86 S.W.3d 640,
644–45 & n.14 (Tex. Crim. App. 2002). 
The requirement of corroboration is not a demanding one; all that is
required is some evidence rendering it more probable that a crime occurred.  See
Rocha v. State, 16 S.W.3d 1, 4 (Tex.
Crim. App. 2000).

            On direct examination, Craig
Strickler, a pharmacist at the drug store where the theft occurred, testified
he was aware of items being stolen by appellant from the store, including five
pints of “Promethazine with codeine” and “a partial bottle of Alprazolam.”  On cross–examination, the following exchange
occurred:

Q         Okay.  Loss prevention
ultimately makes the decision as to whether there’s a theft, correct?

 

. . . .

 

A         I can only—if it’s not dispensed and I can see and I can
track what comes in over a given period of time . . . and I can see what’s been
dispensed, then it’s gone.

 

Q         It’s gone; but you don’t know that there’s necessarily a
theft, do you, sir?

A         It has to be a theft.

 

Q         Well, that’s for loss prevention to conclude, correct?

 

A         I think that’s—it’s their job to investigate it; but if it’s
not dispensed, then it has to be taken.

 

Q         Because God forbid there could never be a mistake, could
there?

 

A         Not of this magnitude, I don’t think, no.

 

Q         There could never be a computer error, could there?

 

A         No, not—not in this case. 
It’s just too—

 

. . . . 

 

Q         Could the discrepancy be a cause of error?

 

A         I suppose it could be.

 

            Strickler’s testimony was legally
sufficient to establish the crime of misdemeanor theft had been committed.  While Strickler admitted the possibility of
error, his testimony clearly indicated the discrepancy was probably the result
of a theft.  Accordingly, appellant’s
first issue is overruled.

Evidence of Loss

            In his second issue, appellant
contends the evidence was legally insufficient to establish the value of the
stolen property exceeded $50.  See Tex.
Pen. Code § 31.03(a).[2]  The only evidence of value was in appellant’s
written statement, in which he admitted the total theft loss he caused was
$341.05.  The corpus delecti rule does
not require corroboration of each and every element of the crime, see Salazar, 86 S.W.3d at 644–45; thus, independent corroboration of the value
was not needed.  As appellant admitted
taking each of the items alleged and an aggregate value exceeding $50, the
evidence was legally sufficient.[3]  Accordingly, appellant’s second issue is
overruled.

Statement Admissibility

            In his third issue, appellant
contends the trial court erred in admitting his written statement.  A written statement made by an accused as a
result of custodial interrogation is inadmissible against him unless the face
of the statement demonstrates the accused was given certain required
warnings.  Tex. Code Crim. Proc. art. 38.22; see also Miranda v. Arizona, 384 U.S.
436, 86 S. Ct. 1602 (1966).  Neither the statute nor Miranda apply unless the statement was obtained by interrogation of
a suspect who was in custody.  Williams v. State, 82 S.W.3d 557, 561 (Tex. App.—San Antonio 2002, pet. ref’d).  Whether a suspect is in custody is determined
by a two-part inquiry: (1) what were the circumstances surrounding the
interrogation, and (2) under those circumstances, would a reasonable person
feel he or she was not free to terminate the questioning and leave.  Garza
v. State, 34 S.W.3d 591, 593 (Tex. App.—San Antonio 2000, pet. ref’d); see also Thompson v. Keohane, 516 U.S.
99 (1995); Stansbury v. California,
511 U.S.
318, 322 (1994).[4]  The first inquiry is a factual determination
concerning the circumstances surrounding the interrogation.  Garza,
34 S.W.3d at 593. 

            On review, we give almost total
deference to the trial court's determination of these historical facts.  Id.; see Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  The second
inquiry is an application of the legal standard to the facts, and is a mixed
question of law and fact that does not turn on the evaluation of the witnesses’
credibility and demeanor; we review this issue de novo.  Garza,
34 S.W.3d at 593; Guzman, 955 S.W.2d
at 89.  The determination of custody
depends on the objective circumstances, and not on the subjective views of
either the interrogator or the person being questioned.  Stansbury,
511 U.S. at 323; Dowthitt v. State, 931 S.W.2d 244, 254 (Tex.
Crim. App. 1996).Here, the pharmacy’s loss-prevention manager, DeWayne
Harrison, testified he approached appellant in the store, told him he wanted to
talk to him, and took him to the break room. 
Harrison says he then gave appellant a
questionnaire to complete and left the room; when he came back, appellant had
partially completed the form.  Harrison closed the door and began to question
appellant.  Appellant testified he did
not feel like he had any choice but to go with Harrison
to the break room and complete the questionnaire because he felt it was
work-related and he might lose his job. 
He said he did not think he could walk out of the break room and Harrison did not tell him he could leave.  He acknowledged that Harrison
told him the questionnaire was given to all store employees.  It is undisputed that no law enforcement
officers were present at the time and that at no time during the interrogation
was appellant formally arrested. 
Further, there is no allegation Harrison told appellant he could not
leave or was under arrest, nor was there any proof Harrison
was armed, locked the break room door, or barred the exit in any way other than
closing the door.  Discounting, as we
must, appellant’s statements of his subjective belief, we hold that under these
circumstances the trial court did not err in admitting the written statement. See Dowthitt,
931 S.W.2d at 254–55.  In sum, the only
significant restriction of appellant’s movement was the closed door.  This is insufficient to demonstrate custody.  See,
e.g., Oregon v. Mathiason, 429 U.S. 492,
493–95, 97 S. Ct. 711, 713–14 (1977) (finding no custody existed even though
defendant gave statement in police office behind closed doors).  The evidence does not demonstrate appellant
was ever in custody.[5]  Accordingly, appellant’s third issue is
overruled.

            In his fourth issue, appellant
contends the trial court erred in finding his statement was given voluntarily
because Harrison, the pharmacy investigator, promised he would not contact the
police and would handle the matter internally if appellant gave a statement and
signed a restitution agreement.[6]  Harrison,
however, denied making these promises, thus creating a fact issue for the trial
court to decide based on the credibility and demeanor of the witnesses.  See
Guzman, 955 S.W.2d at 89. 
Accordingly, appellant’s fourth issue is overruled.

            The trial court’s judgment is
affirmed.

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Substitute Opinion filed March 16, 2004.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish –– Tex. R. App. P.
47.2(b).

 











                        [1] See Tex.
Pen. Code § 31.03(a) (providing a person commits a Class B misdemeanor
if he unlawfully appropriates property worth more than $50 and less than $500).

 





                        [2]
Section 31.08 of the Penal Code defines “value” as “the fair market value of
the property or service at the time and place of the offense.”  Tex.
Pen. Code § 31.08(a)(1).  Although
“fair market value” is not defined in the Code, it is generally considered to
be “the amount the property would sell for in cash, giving a reasonable time
for selling it.”  Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991)
(emphasis omitted).

 





                        [3]
Appellant cites Wilson v. State, 536
S.W.2d 375 (Tex. Crim. App. 1976), and Riggs
v. State, 561 S.W.2d 196 (Tex. Crim. App. 1978), in support of his
argument.  These cases stand for the
proposition that when an aggregate value is placed on property, some of which
is alleged to be stolen and some not, there is in effect no evidence of the
value of the allegedly stolen property.  See Wilson,
636 S.W.2d at 377; Riggs, 561 S.W.2d
at 197.  In the present case, however,
all of the property contained in the aggregate valuation was alleged to have
been stolen in the indictment and evidence of that valuation was provided by
appellant’s written statement.  Accordingly,
these cases are unavailing to appellant.

 





                        [4] See also Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).  In Dowthitt,
the Court of Criminal Appeals noted four general situations which may
constitute custody:

 

(1)
when the suspect is physically deprived of his freedom of action in any
significant way; (2) when a law enforcement officer tells the suspect that he
cannot leave; (3) when law enforcement officers create a situation that would
lead a reasonable person to believe that his freedom of movement has been
significantly restricted; and (4) when there is probable cause to arrest and
law enforcement officers do not tell the suspect that he is free to leave.

 

931
S.W.2d at 255.





                        [5] We
therefore need not consider whether Harrison
was acting as an agent of law enforcement at the time of the
interrogation.  

 





                [6] A statement is involuntary, and thus inadmissible, if
it is induced by a promise that is: (1) of some benefit to the defendant, (2)
positive, (3) made or sanctioned by someone in authority, and (4) of such
character as would likely influence the defendant to speak untruthfully.  Sossamon
v. State, 816 S.W.2d 340, 345 (Tex. Crim. App. 1991); Bordman v. State, 56 S.W.3d 63, 69 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).