Reversed and Rendered and Opinion filed August 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00617-CR

____________

 

STANLEY W. SMILES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 241st
District Court

Smith County, Texas

Trial Court Cause No. 241-0180-08

 



 

O P I N I O N

Appellant Stanley Smiles was convicted of
theft of property valued between $1,500 and $20,000 and sentenced to fifteen
months= confinement.  In
three issues, appellant challenges the legal and factual sufficiency of the
evidence to prove the value of the stolen property.  For the reasons discussed
below, we hold that the evidence is legally insufficient to sustain a
conviction for felony theft.  We therefore reverse appellant=s conviction and
render a judgment of acquittal.








Appellant was indicted for and convicted
of stealing an Aair conditioner unit, of the value of
$1,500 or more but less than $20,000@ from a trailer
home.  His sufficiency challenge concerns only the sufficiency of the evidence
to establish that the stolen property=s value was
between $1,500 and $20,000.  The air conditioner unit at issue is the exterior
component of a A10 SEER@ system.  The
system consists of a unit on the exterior of the trailer that is connected to
an interior unit.  The system only works when the two units are connected.  In
this case, only the exterior unit was taken.

To prove the stolen property=s value, the State
offered the testimony of Breanne McIntosh, the property manager of the mobile
home park.  The State alleged in the indictment that McIntosh was the stolen
property=s owner.  McIntosh
testified as follows:

[Prosecutor]: [D]id you seek to
replace the air conditioning unit that was stolen?

[McIntosh]: Yeah.  I got a quote
from a company here in town, but I haven=t had the funds to replace it yet.

[Prosecutor]: Was that a quote for
a 3-1/2-ton 13 SEER air conditioning unit?

[McIntosh]: Yes, sir.

[Prosecutor]: Was that quote for $3,969?

[McIntosh]: Yes, sir.

After McIntosh testified on cross-examination that a
10 SEER unit was taken, she testified further on redirect as follows:

[Prosecutor]: I believe you
testified there was a 3-1/2-ton 10 SEER air conditioning unit that was stolen,
correct?

[McIntosh]: Yes.

[Prosecutor]: Now, you were quoted
forCthe $3,969 was a quote for a
3-1/2-ton 13 SEER air conditioner, correct?

[McIntosh]: Yes, sir.

[Prosecutor]: Were you informed
that was because they no longer make a 10 SEER air conditioner?

[McIntosh]: Yes, sir.








The State also sought to establish the
stolen property=s value through the testimony of Terry
Johnson, a regional manager for an air conditioning company who provided the
quote to McIntosh.  Regarding the quote he gave to McIntosh, Johnson testified
that it would cost $3,969 including parts and labor to replace the 10 SEER
model with a 13 SEER model.  He explained that a 13 SEER model would need to be
used because the 10 SEER model was no longer made, and in his opinion, could
not be found.  His testimony showed that even though only the exterior unit was
taken, both the interior and exterior units would have to be replaced for the
system to work because a 13 SEER exterior unit would not work with a 10 SEER
interior unit.  Johnson also testified that while there is an aftermarket for
used air conditioners, he could not resell a used air conditioner to a third
party.

Following Johnson=s testimony, the
State rested.  Appellant=s trial counsel requested a directed
verdict, arguing that the State failed to prove the stolen property=s value because
Johnson only testified to the amount of his quote to replace the entire unit,
which included parts and labor.  The trial court granted the State=s request to
reopen its case, and Johnson was recalled.

On recall, Johnson testified that the 13
SEER replacement system=s retail price was $2,242, excluding parts
and labor.  However, he admitted that the $2,242 included the price of both the
interior and exterior units and that the exterior unit could be sold alone but
that he did not know how much it cost if sold separately.  Appellant=s trial counsel
renewed his request for a directed verdict, arguing that the State was required
to prove the replacement value of the property stolenCthe exterior unitCand had failed to
do so.  The trial court denied the motion and the jury convicted appellant. 
This appeal followed.








In his first issue, appellant contends
that the State=s evidence was legally insufficient as to the stolen
property=s value. 
Specifically, appellant contends that (1) there was legally insufficient
evidence that the stolen property=s fair market
value was unascertainable, and (2) even if there was sufficient evidence in
that regard, there was legally insufficient evidence of the stolen property=s replacement
value.  In reviewing a legal sufficiency challenge, we view the evidence in the
light most favorable to the verdict and determine whether a rational trier of
fact could have found the essential elements of a crime beyond a reasonable
doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). 
The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  The jury may also draw reasonable
inferences from basic facts to ultimate facts.  Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996).  When faced with conflicting evidence,
we presume the trier of fact resolved conflicts in the prevailing party=s favor.  Turro
v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  However, our duty as a
reviewing court requires us to ensure that the evidence presented actually
supports a conclusion that the defendant committed the crime charged.  Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We will not uphold a
fact-finder=s decision if it is irrational or unsupported by more
than a mere modicum of the evidence.  Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988).








Theft of property valued between $1,500
and $20,000 is a state-jail felony.  Tex.
Penal Code Ann. ' 31.03(a), (e)(4)(A) (Vernon Supp. 2008). 
The State was required to prove the stolen property=s value in this
case through evidence of either (1) its fair market value at the time and place
of the offense, or (2) the cost of replacing it within a reasonable time after
the theft if fair market value could not be ascertained.  See Tex. Penal Code Ann. '' 31.03(e)(4)(A),
31.08 (Vernon 2003 & Supp. 2008).  Fair market value is the amount of money
that the property would sell for in cash, given a reasonable time for selling
it.  Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991). 
Either the owner of the property or a non-owner may give testimony regarding an
item=s value.  See
Sullivan v. State, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986).  We presume
that an owner=s testimony regarding the value of property is an
estimation of the property=s fair market value.  Id.; Jones
v. State, 814 S.W.2d 801, 803 (Tex. App.CHouston [14th
Dist.] 1991, no pet.).  As a result, the owner may testify as to the fair
market value of the property either in terms of purchase price or the cost to
him of replacing the stolen property.  Jones, 814 S.W.2d at 803 (citing Sullivan,
701 S.W.2d at 908).  Because such testimony is an offer of the owner=s best knowledge
of the value of his property, it is legally sufficient evidence for the trier
of fact to make a determination as to value based on the owner=s credibility as a
witness.  See id.  If a defendant wishes to rebut the owner=s opinion evidence
as to value he must do more than merely impeach the witness=s credibility
during cross-examination; he must actually offer controverting evidence as to
the value of the stolen item.  See id.  However, it is axiomatic that a
conviction for theft cannot depend on items not alleged to have been stolen,
and where the only evidence on value includes the value of items not stolen,
there is in effect no evidence to show that value exceeded the minimum amount
necessary to support the conviction.  Riggs v. State, 561 S.W.2d 196,
197 (Tex. Crim. App. 1978); Drost v. State, 47 S.W.3d 41, 46 (Tex. App.CEl Paso 2001, pet.
ref=d); York v.
State, 721 S.W.2d 605, 607B08 (Tex. App.CFort Worth 1986,
pet. ref=d).








Here, the only evidence regarding the
stolen property=s value was based on Johnson=s quote to
McIntosh for replacing the entire air conditioning system.  McIntosh=s testimony
regarding value depended on Johnson=s quote, and
Johnson=s testimony
clarified that the quote actually included the cost of parts, labor, and the
interior unit, which was not taken.  Though Johnson later parsed the cost of
parts and labor from his quote, he still only testified to the cost of the
entire system and admitted that he did not know the replacement cost of the
exterior unit alone.  The State never presented any evidence of the value of
the exterior unit alone.  Because the only evidence of value included items not
alleged or proven to have been stolen, there is in effect no evidence to show
that the value of the air conditioning component actually stolen exceeded the
amount necessary to support appellant=s conviction.  See
Riggs, 561 S.W.2d at 197; York, 721 S.W.2d at 607B08.  As a result,
the jury=s verdict cannot
be upheld.  See Moreno, 755 S.W.2d at 867.  Thus, even when viewed in
the light most favorable to the verdict, the evidence was legally insufficient
to support appellant=s conviction.  See Riggs, 561
S.W.2d at 197; York, 721 S.W.2d at 607B08.  We therefore
sustain appellant=s first issue.

The State acknowledges that value cannot
be based on the value of property not alleged to have been stolen, but
nevertheless contends that either (1) the evidence proved appellant stole both
the exterior and interior units, or (2) even if appellant did not steal the
interior unit, the exterior unit=s replacement
value was $2,242 because the interior unit was rendered useless.  We are not
persuaded  The State predicates its first argument on the fact that the
indictment generally alleges that appellant stole an Aair conditioner
unit,@ Johnson=s testimony that
the air conditioning unit included both an interior and an exterior component,
and the theory that appellant Aappropriated@ the interior unit
when he detached it from the exterior unit.  Regardless of whether the
indictment=s allegation that appellant stole an Aair conditioning
unit@ was broad enough
to allege that appellant stole both the exterior and interior units, we
disagree that the mere fact that appellant must have disconnected the interior
unit in order to steal the exterior unit allows an inference that he intended
to deprive the complainant of it.  See Tex.
Penal Code Ann. ' 31.03(a) (Vernon Supp. 2008) (requiring
as element of theft that the State prove defendant acted with intent to deprive
the owner of property); Warren v. State, 810 S.W.2d 202, 203B04 (Tex. Crim.
App. 1991) (per curiam) (holding that evidence that woman removed pants from
man who had pretended to pass out, took items from his pants pocket, threw the
pants aside and put the items in her purse was insufficient to prove intent to
deprive the man of his pants as required to convict defendant of stealing
them).  Therefore, the evidence is insufficient to prove that appellant stole
the interior unit.








The State=s second argument
is based on the mistaken premise that replacement cost is the same as the cost
required to make the complainant Awhole again.@  However,
including the value of the interior unit in the replacement cost because it was
rendered useless by the theft of the exterior unit is no less inappropriate
than including the cost of installation, intangibles, or property not alleged
to have been stolen.  See Riggs, 561 S.W.2d at 197; York, 721
S.W.2d at 607B08.  The Texas Penal Code requires the State to prove
the value of the property actually stolen.  See Tex. Penal Code Ann. '' 31.03(e)(4)(A),
31.08.  The value of the property rendered worthless or damaged, while
potentially relevant to a criminal mischief prosecution, is simply not the
appropriate calculation in a theft prosecution.  See id. ' 28.03(a)(2)
(Vernon Supp. 2008) (defining criminal mischief as, inter alia, the intentional
or knowing tampering with of an owner=s tangible property
causing the owner pecuniary loss or substantial inconvenience); see also
Riggs, 561 S.W.2d at 197; York, 721 S.W.2d at 607B08.  For the above
reasons, we disagree with both of the State=s arguments
regarding the sufficiency of the evidence to establish the stolen property=s value.

Having sustained appellant=s first issue, we
are compelled to reverse his conviction and render a judgment of acquittal.

 

 

 

 

/s/      Leslie
B. Yates

Justice

 

 

 

 

Panel consists of Justices Yates, Guzman, and Sullivan.

Publish C Tex.
R. App. P. 47.2(b).