Mark Elden SWEENEY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–598–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1982.

Rehearing Denied May 20, 1982.

Murry B. Cohen, Houston, for appellant.

Alvin M. Titus, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

A jury found Appellant guilty of the offense of felony theft. Finding the two enhancement allegations contained in the indictment to be true, the court assessed punishment at life imprisonment in the Texas Department of Corrections. Appellant maintains on appeal that the evidence is insufficient to support the verdict because there is no proof that the value of the television which Appellant allegedly had stolen exceeded $200 in value as alleged in the indictment. Because we reverse on that ground, we find it unnecessary to discuss Appellant's other grounds of error.

The pertinent portion of the penal code provides that the offense of theft is a felony of the third degree if the value of the property stolen is $200 or more but less than $10,000. Tex.Penal Code Ann. § 31.-03(d)(4)(A) (Vernon Supp.1982). Tex.Penal Code Ann. § 31.08(a) (Vernon 1974), provides:

Subject to the additional criteria of subsections (b) and (c) of this section, value under this chapter is: (1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

Tex.Penal Code Ann. § 2.01 (Vernon 1974), provides that "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." The record reveals that the only evidence of the value of the television is in the following testimony of Jim Finley, the complaining witness:

Q. When you purchased the Sony television, approximately how much did you pay for it?

A. Financed it and it cost me seven hundred.

Q. That was a color TV?

A. Yes, it was.

Q. Approximately what size was it?

A. Twenty-one inch, I believe.

Appellant argues, soundly we think, that there is nothing in the record to show that the value of the television was in excess of $200 at the time of the offense. Appellant's challenge is not directed at the manner in which the State attempted to prove value, but is directed at the sufficiency of the evidence. In *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976), evidence of valuation was found to be sufficient where there was no evidence that the value of the property was less than $200 and there was some evidence to show the stolen television and stereo had a value over $200. The complaining witness in *Bullard* testified that he had paid $300 for the television and it was only two or three months old and that he had paid over $400 for the stereo system, which was then six or seven months old. He further testified that any decrease

in value subsequent to his purchase of the items was negligible. In the instant case we find no evidence to show the value of the television as of the time of the offense. Unlike *Bullard*, there is no indication of the age or condition of the television. Nor is there any revelation of the terms under which the purchase of the television was financed. In our opinion the State failed to meet its burden of establishing beyond a reasonable doubt that the value of the television at the time of the offense was over $200 as alleged in the indictment.

We therefore reverse and remand to the trial court with instructions to enter a judgment of acquittal.