Opinion issued January 22, 2009
















     

                                        

                               

In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00158-CR




CRYSTAL BROCK OGLESBY, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. 275525


 
 
 
 
MEMORANDUM OPINION
          A jury convicted appellant, Crystal Brock Oglesby, of theft of $50 or more but
less than $500, and the trial court assessed punishment at 90 days in county jail. See
Tex. Pen. Code Ann. §§ 31.03(a), (e)(2) (Vernon Supp. 2008). In two points of error,
appellant challenges: (1) the trial court’s denial of her requested jury instruction on
the lesser included offense of theft in the amount of less than $50; and (2) the trial
court’s failure to instruct the jury on her affirmative defense of consideration. There
is no challenge to the sufficiency of the evidence supporting appellant’s conviction.
We affirm. 
Background
          Appellant was charged with stealing electronic equipment and DVD discs from
Robert Tavares, a man with whom she briefly shared an apartment. The alleged theft
occurred on April 27, 2007, while appellant was in the process of moving out. At
trial, Tavares testified that, after appellant had come over to the apartment to “get
some of her stuff” while he was at work, he noticed that his DVD player, his VCR,
and several of his DVDs were missing. Tavares called the police. The next day,
Tavares noticed that a small stereo that he had recently bought was also missing.
Investigators searched a database of pawn shop transactions and found that appellant
had pawned the stereo and 19 DVDs for $40 on April 27. At trial, the State
introduced a receipt from the pawn shop transaction. A warrant was issued for
appellant’s arrest.
          Appellant testified that she took the stereo, VCR, and DVDs with Tavares’s
permission and that she did not take the DVD player. Tavares denied giving appellant
permission to take any of the items.
          Tavares further testified that an inventory of his DVDs revealed that 34 discs 
were missing. The State introduced receipts showing that Tavares had paid between
$4 and $8.33 for each DVD and indicating the dates of purchase. Tavares also
testified that he had paid $60 or $70 for the VCR five or six years before and $30 for
the DVD player two or three years before. Appellant testified that the VCR was
“worn out [and] dull” and that it “wasn’t worth anything” at the pawnshop. Appellant,
who was with Tavares when he bought the stereo, also testified that the purchase
price of the stereo was $39.99.Lesser Included Offense
          In her first point of error, appellant contends that the trial court erred in
denying her request for a jury charge instruction on the lesser included offense of
theft in an amount of less than $50.
Standard of Review
          An offense is a lesser included offense under the following circumstances: (1)
it is established by proof of the same or less than all the facts required to establish the
commission of the offense charged; (2) it differs from the offense charged only in that
a less serious injury or risk of injury to the same person, property, or public interest
suffices to establish commission of the offense; (3) it differs from the offense charged
only in that a less culpable mental state suffices to establish its commission; or (4) it
consists of an attempt to commit the offense charged or an otherwise included
offense. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).
          A defendant is entitled to a charge on a lesser included offense if: (1) the lesser
included offense is included within the proof necessary to establish the offense
charged and (2) some evidence exists in the record that would permit the jury to
rationally find that the defendant, if guilty, is guilty of only the lesser included
offense. Phillips v. State, 178 S.W.3d 78, 81-82 (Tex. App.—Houston [1st Dist.] 
2005, pet. ref’d) (citing Hayward v. State, 158 S.W.3d 476, 478 (Tex. Crim. App.
2005)). In determining whether the second prong has been met, it is not enough that
the jury may disbelieve crucial evidence pertaining to the greater offense. Rather,
there must be some evidence directly germane to the lesser included offense for the
finder of fact to consider before an instruction on a lesser included offense is
warranted. Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). If a
defendant either presents evidence that he committed no offense or presents no
evidence, and there is no evidence otherwise showing that he is guilty only of a lesser
included offense, then a charge on a lesser included offense is not required. Lofton
v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). 
Entitlement to Lesser Included Offense Instruction
          The State concedes that theft in the amount of less than $50 is a lesser included
offense in this case. Appellant contends that a charge on the lesser included offense
was required because the jury could have found that only some of the items at issue,
with a total value of less than $50, were taken without Tavares’s consent. We
disagree. The resolution of this issue requires that we look not at what a jury may
hypothetically find but at whether the evidence in the record establishes the lesser
included offense as a valid, rational alternative to the charged offense. See Wesbrook
v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). We conclude that it does not.
Evidence of Effective Consent
          Appellant’s defense at trial was based on her claim that Tavares gave her
permission to take all of the items she was charged with stealing (with the exception
of the DVD player, which she denied taking). Tavares testified that he never gave
appellant permission to take any of the items he reported stolen. The evidence
adduced in support of appellant’s defense showed that appellant did not take anything
without Tavares’s effective consent—or, put another way, that no offense, rather than
a lesser offense, was committed. There is no evidence in the record indicating that
consent was given for some items but not others. The evidence relating to appellant’s
primary defense did not require a charge on the lesser included offense. Lofton, 45
S.W.3d at 652. 
Evidence of Value
          Appellant also contends that evidence that a pawn shop gave her $40 for the
stereo and 19 DVDs, along with her testimony that the VCR was “worn out [and]
dull” and “wasn’t worth anything at the pawnshop,” shows that the aggregate value
of the allegedly stolen items was less than $50. 
          Value of property in theft prosecutions is defined as the fair market value of the
property at the time and place of the offense, or if the fair market value of the
property cannot be ascertained, the cost of replacing the property within a reasonable
time after the theft. Tex. Pen. Code Ann. § 31.08(a) (Vernon 2003). “Fair market
value” is the amount of money the property in question would sell for in cash, given
a reasonable time for selling it. Keeton v. State, 803 S.W.2d 304, 306 (Tex. Crim.
App. 1991). There is no single exclusive method of proving fair market value, but
retail price and sale price are both appropriate measures. See Washington v. State, 881
S.W.2d 187, 190-91 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (citing Keeton,
803 S.W.2d at 305). While an owner of property may testify as to his or her opinion
or estimate of the property’s value in general and commonly understood terms, a non-owner must be qualified as to his knowledge of the value of the property and must
give testimony explicitly as to the fair market value or replacement value of the
property. Scott v. State, 741 S.W.2d 435, 437 (Tex. Crim. App. 1987) (citing Sullivan
v. State, 701 S.W.2d 905 (Tex. Crim. App. 1986)). 
          Tavares testified that 34 of his DVDs were stolen, and the receipts introduced
by the State indicated that Tavares paid at least $4 and up to $8.33 for each DVD. The
State’s evidence as to the value of the DVDs alone showed the total value of the
property at issue to be above the statutory minimum, even if the other items were
utterly worthless.   
          The pawn shop transaction is the only evidence in the record that arguably
controverts the State’s valuation of the DVDs. No predicate was laid indicating that
the amount paid by the pawn shop was an accurate measure of the pawned items’ fair
market or replacement value. Although we find no cases directly on point, we
conclude that the amount paid for the items by the pawn shop alone is not competent
evidence of the items’ value under Section 31.08 of the Penal Code. See Scott, 741
S.W.2d at 438-39 (trade-in value alone was insufficient to establish fair market value
of stolen car because “[t]rade-in value can be and often is based on a different
standard than cash value”); Sweeney v. State, 633 S.W.2d 354, 355-56 (Tex.
App.—Houston [14th Dist.] 1982, pet. ref’d) (statement that complainant “[f]inanced
it and it cost [him] seven hundred” was insufficient to establish fair market value of
television where there was no evidence of age or condition of television or of terms
under which purchase was financed).
          Appellant produced no competent evidence affirmatively showing that the total
value of the DVDs was less than $50 and by extension produced no competent
evidence affirmatively showing that the total value of all of the items at issue was less
than $50. Absent such evidence, the evidence in the record does not establish theft
in the amount of less than $50 as a valid, rational alternative to the charged offense,
and a lesser included offense instruction was not warranted. Hampton, 109 S.W.3d
at 441; Wesbrook, 29 S.W.3d at 113. Accordingly, we conclude that the trial court did
not abuse its discretion by denying appellant’s request for a jury instruction on the
lesser included offense and overrule appellant’s first point of error. 
Affirmative Defense of Consideration
          In her second point of error, appellant contends that the failure of the trial court
to include her requested instruction on the affirmative defense of consideration was
reversible error. If the defendant in a theft case proves by a preponderance of the
evidence that he gave consideration for or had a legal interest in the stolen property,
the amount of the consideration or the value of the interest so proven shall be
deducted from the value of the property. Tex. Pen. Code Ann. § 31.08(d) (Vernon
2003). 
Failure to Instruct Jury
          When evidence from any source raises a defensive issue and the defendant
properly requests a jury charge on that issue, the trial court must submit the issue to
the jury. Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). However,
there is no duty imposed on a trial court to instruct the jury on unrequested defensive
issues, even though the issues are raised by the evidence. Oursbourn v. State, 259
S.W.3d 159, 179 (Tex. Crim. App. 2008); Posey v. State, 966 S.W.2d 57, 62-63 (Tex.
Crim. App. 1998). 
          Article 36.14 of the Texas Code of Criminal Procedure mandates that a trial
court submit a charge setting forth the law applicable to the case. Posey, 966 S.W.2d
at 62; Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). A defensive issue such
as consideration in a theft case, however, is not applicable to the case under article
36.14 unless a defendant timely requests the issue or objects to the omission of the
issue from the jury charge. Posey, 966 S.W.2d at 62. Hence, with respect to defensive
issues such as consideration, article 36.14 requires a defendant to object to claimed
errors of omission in the charge before he can complain about them on appeal. Id. As
the Court of Criminal Appeals explained recently:
The trial judge has an absolute sua sponte duty to prepare a jury charge that
accurately sets out the law applicable to the specific offense charged. But it
does not inevitably follow that he has a similar sua sponte duty to instruct the
jury on all potential defensive issues, lesser-included offenses, or evidentiary
issues. These are issues that frequently depend on trial strategy and tactics.
 
Oursbourn, 259 S.W.3d at 179.
          Appellant’s instruction on consideration was subsumed within a proposed
definition of value and was not part of her lesser included offense charge. Although
appellant’s proposed value definition was filed with the court, the record of the
charge conference does not reflect that she actually presented it to the trial judge and
asked that it be given to the jury:
 
The Court: I’m going to deny the motion of a lesser included. All right. What
else?
 
State: Your Honor, we want to address the definition of value that [defense
counsel] has included in his Jury Charge. 
 
Defense Counsel: Well, before we do that, I’m not sure I disagree with them.
So, if you will just show me what you want to use, maybe we can agree.
 
State: Well, the McClung’s doesn’t have a definition of value. I know your
memorandum of law talks about fair market value which I wouldn’t disagree
with.
 
Defense Counsel: I’m just saying I’m not real concerned about that at this
moment, seeing that value isn’t going to be an issue without a lesser included.
So, we would just—

          State: Do you want to just drop the definition?
 
The Court: I would prefer to start with the McClung’s form and add to it what
we have agreed that you are going to get out here.

          Defense Counsel: Right.
 
The Court: So, y’all just sit down and do that. Because I would prefer the
definition of McClung’s than you just adding what you have.

          Defense Counsel: All right. We have no objection to that.

          . . .
 
Defense Counsel: Besides our previous requested [lesser included offense]
instruction that has already been denied, we have no further objections to the
Charge.

          The record shows neither an opportunity for the trial court to refuse the
proposed instruction on consideration nor an objection by appellant to the court’s
failure to include such an instruction. Accordingly, we hold that the trial court did not
err in omitting a jury instruction on the issue of consideration.
 We overrule appellant’s second point of error. 
Conclusion 
          We affirm the judgment of the trial court.

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Bland.
Do not publish. Tex. R. App. P. 47.2(b)