

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00721-CR

Donald **KELLOGG**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 427645
Honorable Jason Wolff, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 27, 2014

AFFIRMED

A jury found appellant Donald Kellogg guilty of the offense of theft of property with a value of more than $50.00, but less than $500.00.  The trial court sentenced Kellogg to confinement for 180 days.  On appeal, Kellogg contends the evidence is legally insufficient to support his conviction.  We affirm the trial court's judgment.

### BACKGROUND

Officer Anthony Clary of the Converse Police Department testified he was dispatched to investigate a burglary.  The complainant told the officer someone had taken cigarettes and change

from his vehicle. The complainant said the suspect fled on foot, but he could not provide a description.

During his investigation, Officer Clary noticed a car parked in front of the complainant's home. The complainant told the officer it was unusual for a car to be parked on the street. Officer Clary "ran" the license plate of the car and learned it was registered to an address in Von Ormy, Texas. According to the officer, the car registration was linked to Kellogg and a "Mr. Green."

The officer, believing the car did not belong in the neighborhood, took a closer look at the vehicle. He noticed the car was unlocked and the driver's door was partially open. In addition, the keys were in the ignition, and a wallet and cellphone were on the driver's seat. Through the window, Officer Clary saw a lawnmower and a weed eater in the backseat of the car.

Officer Clary then noticed a garage door was open on a house approximately three houses down from that of the original complainant. A light was on in the garage, but no one was inside. The officer woke the resident, Junior Hicks, and asked him to check the garage to see if anything was missing. Mr. Hicks immediately noticed his lawnmower and weed eater were missing. Soon thereafter, Mr. Hicks identified the lawnmower and weed eater in the backseat of the car as belonging to him. Mr. Hicks denied giving anyone permission to take or borrow his lawn equipment.

Officer Clary called for a tow truck to impound the car with the lawn equipment inside. When the tow truck arrived, Officer Clary was contacted by another member of the Converse Police Department, Corporal Phillip Steinberg, who had been assisting in a search of the area. Corporal Steinberg told Officer Clary he had detained Kellogg and placed him in handcuffs. Corporal Steinberg explained that Kellogg had approached him, asking why his car was being towed. Kellogg said he was in the neighborhood to find his friend, Mr. Green. Kellogg denied knowing anything about the lawn equipment, suggesting Mr. Green placed it in the car. Corporal

Steinberg became suspicious and decided to take Kellogg to the police station. Mr. Green was never found.

Mr. Hicks pressed charges. Kellogg was ultimately convicted. Thereafter, he perfected this appeal.

## ANALYSIS

On appeal, Kellogg contends the evidence is legally insufficient to support his conviction. Specifically, he contends the evidence is insufficient to establish the fair market or replacement value of the items taken from Mr. Hicks's garage.

### *Standard of Review*

We review the legal sufficiency of the evidence in a criminal case under the standard set forth in *Jackson v. Virginia. Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref'd). In applying this legal sufficiency standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Orellana v. State*, 381 S.W.3d 645, 652–53 (Tex. App.—San Antonio 2012, pet. ref'd) (citing *Mayberry*, 351 S.W.3d at 509). The trier of fact maintains the power to draw reasonable inferences from basic facts to ultimate facts, and its sole province is to reconcile any evidentiary conflicts. *Orellana*, 381 S.W.3d at 653 (citing *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995); *Welch v. State*, 993 S.W.2d 690, 693 (Tex. App.—San Antonio 1999, no pet.)). Thus, in our analysis of a legal sufficiency challenge, we must determine whether the inferences are reasonable based on the combined force of the evidence, direct and circumstantial, when viewed in the light most favorable to the verdict. *Orellana*, 381 S.W.3d at 653 (citing *Mayberry*,

351 S.W.3d at 509); *see Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (holding standard of review is same for both direct and circumstantial cases).

We defer to the jury's resolution of evidentiary conflicts and assessment of witness credibility, *see Orellana*, 381 S.W.3d at 653, and resolve any inconsistencies in favor of the verdict. *Gonzales v. State*, 330 S.W.3d 691, 694 (Tex. App.—San Antonio 2010, no pet.) (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)). We must remember that we cannot reweigh the evidence or substitute our judgment for that of the jury. *Orellana*, 381 S.W.3d at 653 (citing *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)). The jury is the exclusive judge of the credibility of witnesses and the weight to be given to their testimony, and the jury may accept or reject all or any portion of a witness's testimony. *Orellana*, 381 S.W.3d at 653 (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)).

### *Application*

As noted above, Kellogg was convicted of the offense of theft of property with a value of more than $50.00, but less than $500.00. *See* TEX. PENAL CODE ANN. §§ 31.03(a), 31.03(e)(2)(A)(i) (West Supp. 2014). To convict Kellogg, the State was required to prove beyond a reasonable doubt that the stolen property, i.e., the lawnmower and a weed eater, had a value of fifty dollars or more, but less than five hundred dollars. *Id.* § 31.03(e)(2)(A)(i). To meet its burden with regard to "value," the State could present evidence of the property's fair market value at the time it was stolen, or if the fair market value cannot be determined, the replacement cost of the property within a reasonable time after the theft. *Id.* § 31.08(a) (West 2011). "Fair market value" has been defined by the courts as the amount of money the property would sell for in cash given a reasonable time for selling it. *Smiles v. State*, 298 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991)). The purchase price of the items stolen may qualify as proof of fair market value if there is evidence of

the age or condition of the items. *See Sweeney v. State*, 633 S.W.2d 354, 355–56 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd). In *Sweeney*, the only evidence of the value of the stolen item — a television set — was the owner's testimony that the television was a twenty-one inch Sony color television that cost $700 when financed. *Id.* at 355. The appellate court held that because there was "no indication of the age or condition of the television[,]" there was legally insufficient evidence of the television's value. *Id.* at 356. Accordingly, the court reversed the appellant's conviction, remanding for rendition of a judgment of acquittal. *Id.*

In this case, the owner of the stolen lawn items, Mr. Hicks, testified the lawnmower "was a Briggs Stratton [sic]. It was a push-start-ready lawnmower." He stated the weed eater was "a Rubio or Roxio (phonetic)." Mr. Hicks told the jury he purchased both items at Sears. According to Mr. Hicks, he paid "around 300-something" for the lawnmower, and for the weed eater, he paid "around 200-something."

Mr. Hicks testified the equipment was kept in his garage — the lawnmower was kept on the floor and the weed eater was hung on the wall. As for the lawnmower, he stated he cleans it up after he uses it, folding the handlebars "and everything down." The State showed Mr. Hicks color photographs of his garage, the lawnmower, and the weed eater. The photographs were admitted into evidence. The photographs show the condition of the garage at the time of the theft, as well as the items stolen. The photographs of the items, in fact, are depictions of the items in the backseat of Kellogg's vehicle on the night of the theft.

Admittedly, Mr. Hicks did not testify to the amount of money the property would sell for in cash given a reasonable time for selling it. *See Smiles*, 298 S.W.3d at 719. However, he did testify to the purchase price of the items, which combined were purchased for over five hundred dollars. And although he did not testify as to the age of the items, he testified that he cleaned the mower after he used it, and the jury saw photographs not only of the items, but of the garage in

which they were kept. The photographs show a clean, organized garage, as well as clean, and relatively new-looking lawnmower and weed eater. This is evidence regarding the condition of the items stolen. Accordingly, we hold there was, in addition to evidence of the purchase price, evidence of the condition of the items. *See Sweeney*, 633 S.W.2d at 356. Under *Sweeney*, purchase price — when combined with evidence of condition or age — may qualify as proof of fair market value. *See id.*

Under the applicable standard of review, the trier of fact has the power to draw reasonable inferences from basic facts to ultimate facts. *Orellana*, 381 S.W.3d at 653 (citing *Welch*, 993 S.W.2d at 693). From Mr. Hicks's testimony about the purchase price, his care of the lawnmower, and the pictures of the garage and the items stolen, we hold the jury could have reasonably inferred the items had a value of more than fifty dollars. We hold such inferences are reasonable, considering the force of the direct and circumstantial evidence, when viewed in the light most favorable to the verdict. *Orellana*, 381 S.W.3d at 654 (citing *Mayberry*, 351 S.W.3d at 509). We therefore hold there is legally sufficient evidence to support the jury's determination that the stolen lawn equipment was worth between fifty and five hundred dollars. We overrule Kellogg's sole issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish