**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00422-CR**

**ROBERT EARL FOSTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 13754JD**

**MEMORANDUM OPINION**

A grand jury indicted Robert Earl Foster for the third-degree felony offense of theft of property in an amount between $30,000 and $150,000. *See* Tex. Penal Code Ann. § 31.03(a), (b). Following a trial, a jury convicted Foster, and the trial judge sentenced him to confinement in the Texas Department of Criminal Justice for eight years. Foster timely appealed.[1] In one issue, Foster complains of

---

[1] Foster's appointed trial counsel who initially represented him on appeal filed an *Anders* brief. After Foster filed a pro se response to the Anders brief, we abated the appeal and remanded to the trial court for appointment of new appellate counsel.

ineffective assistance of counsel. Because the record is silent as to trial counsel's strategy or motives, we affirm.

## Background

Martex Well Services, a company located in Marshall, Texas, had been doing work south of Merryville, Louisiana. When workers discovered one of their water trucks was missing from a job site, they reported the vehicle as stolen to the Beauregard Sheriff's Department. On December 2, 2019, after contacting a scrapyard in Jasper County, Texas about selling some equipment, Foster arrived with a water truck that had a vehicle identification number (VIN) which matched that of the stolen vehicle. He sold the vehicle to the scrapyard owner, Michael Judy, for $8,000. After Judy made an initial payment of $1,700, Foster failed to provide him with a bill of sale or title. Judy contacted the Jasper County Sheriff's Office about the vehicle when his son, who "has dealt in some equipment[,]" advised him "there's something wrong with that truck . . . that's too good to be true."

The Beauregard Parish Sheriff's Department received notification that the water truck had been located in Vidor and conducted a recorded interview of Foster. Foster told investigators that another man had given him the truck and paperwork, then asked Foster to sell the vehicle. During the interrogation, Foster presented police with several documents containing multiple discrepancies. The jury was

shown a video recorded interrogation of Foster and a detective testified that Foster could not plausibly explain the discrepancies in the documents.

Video evidence introduced at trial also showed Foster arriving at the scrapyard with the vehicle and leaving with money. The scrapyard owner and investigating officer testified that the vehicle matched a vehicle reported as stolen from Louisiana which belonged to Martex Well Services. During the trial, when asked about the vehicle's value, the construction manager for Martex Well Services testified that the vehicle belonged to that company and had been purchased used for $52,500. Additionally, Michael Judy, the scrapyard owner, testified that the truck was worth $50,000. Judy also testified that the truck was worth way more than he paid Foster for it. Foster's trial counsel did not object to the testimony provided by either witness regarding the property's value. On cross-examination, Judy testified that you could find used water trucks for sale in the $7,000 to $8,000 range, but "they're not near the quality of that truck."

The jury convicted Foster of theft in an amount greater than $30,000 but less than $150,0000. Foster's attorney filed a motion for new trial, but the record does not indicate that the court ever held a hearing on the motion.

## Ineffective Assistance of Counsel

Foster contends that his counsel was ineffective and specifically, that his attorney failed to object to testimony regarding the stolen property's value and failed

3

to file a motion for directed verdict. To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986) (adopting *Strickland* standard). The appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The "reasonable probability" must be enough to "undermine confidence" in the verdict. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833.

The right to effective assistance of counsel ensures the right to "reasonably effective assistance[,]" it does not require counsel be perfect or the representation be errorless. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Foster must prove there was no plausible professional reason for specific acts or omissions of his counsel. *See Bone*, 77 S.W.3d at 836. The appropriate context is the totality

4

of the representation; counsel is not to be judged on isolated portions of his representation. *See Thompson*, 9 S.W.3d at 813; *Solis v. State*, 792 S.W.2d 95, 98–99 (Tex. Crim. App. 1990). Any allegations of ineffectiveness "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Thompson*, 9 S.W.3d at 813). Generally, trial counsel should be afforded the opportunity to explain his actions before being found ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance." *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) (citations omitted).

Foster complains that his trial counsel failed to object to testimony regarding the value of the vehicle. However, when an entity's agent testifies to the market value of the organization's property, the legal effect is that the property's actual owner is testifying. *Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 853 (Tex. 2011). Purchase price of the vehicle may qualify as proof of fair market value if there is evidence of the age or condition of the property. *See Sweeney v. State*, 633 S.W.2d 354, 355-56 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd). When asked the value of the vehicle, Martex's employee testified regarding the purchase price of the vehicle, that the vehicle was purchased used, and

the record contained evidence that the water truck was in good condition. *See also Landrum v. State*, 590 S.W.3d 640, 644 (Tex. App.—Waco 2019, pet. ref'd) (explaining that an owner may testify as to his opinion regarding value of property in general and commonly understood terms even absent a specific statement about "market value" or "replacement value").

Although Foster filed a motion for new trial, the record does not indicate a hearing took place. The record is silent as to counsel's trial strategy, including his motives for not objecting during trial or not moving for a directed verdict, therefore, Foster's claims are not "firmly founded in the record." *See Menefield*, 363 S.W.3d at 592; *Thompson*, 9 S.W.3d at 813-14; *see also Johnson*, 624 S.W.3d at 586. Consequently, we cannot conclude Foster received ineffective assistance of counsel unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Foster has failed to defeat the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Bone*, 77 S.W.3d at 833; *Thompson*, 9 S.W.3d at 814. We overrule Foster's sole issue on appeal and affirm the trial court's judgment.

AFFIRMED.


_____
CHARLES KREGER
Justice

Submitted on June 11, 2021
Opinion Delivered August 25, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.