**Stanley W. SMILES, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–08–00617–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 20, 2009.

 

James W. Huggler Jr., Tyler, TX, for appellants.

Michael J. West, Tyler, TX, for appellees.

Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

## OPINION

LESLIE B. YATES, Justice.

Appellant Stanley Smiles was convicted of theft of property valued between $1,500 and $20,000 and sentenced to fifteen months' confinement. In three issues, appellant challenges the legal and factual sufficiency of the evidence to prove the value of the stolen property. For the reasons discussed below, we hold that the evidence is legally insufficient to sustain a conviction for felony theft. We therefore reverse appellant's conviction and render a judgment of acquittal.

Appellant was indicted for and convicted of stealing an "air conditioner unit, of the value of $1,500 or more but less than $20,000" from a trailer home. His sufficiency challenge concerns only the sufficiency of the evidence to establish that the stolen property's value was between $1,500 and $20,000. The air conditioner unit at issue is the exterior component of a "10 SEER" system. The system consists of a unit on the exterior of the trailer that is connected to an interior unit. The system only works when the two units are connected. In this case, only the exterior unit was taken.

To prove the stolen property's value, the State offered the testimony of Breanne McIntosh, the property manager of the mobile home park. The State alleged in the indictment that McIntosh was the sto-

len property's owner. McIntosh testified as follows:

[Prosecutor]: [D]id you seek to replace the air conditioning unit that was stolen?

[McIntosh]: Yeah. I got a quote from a company here in town, but I haven't had the funds to replace it yet.

[Prosecutor]: Was that a quote for a 3–1/2–ton 13 SEER air conditioning unit?

[McIntosh]: Yes, sir.

[Prosecutor]: Was that quote for $3,969?

[McIntosh]: Yes, sir.

After McIntosh testified on cross-examination that a 10 SEER unit was taken, she testified further on redirect as follows:

[Prosecutor]: I believe you testified there was a 3–1/2–ton 10 SEER air conditioning unit that was stolen, correct?

[McIntosh]: Yes.

[Prosecutor]: Now, you were quoted for—the $3,969 was a quote for a 3–1/2–ton 13 SEER air conditioner, correct?

[McIntosh]: Yes, sir.

[Prosecutor]: Were you informed that was because they no longer make a 10 SEER air conditioner?

[McIntosh]: Yes, sir.

The State also sought to establish the stolen property's value through the testimony of Terry Johnson, a regional manager for an air conditioning company who provided the quote to McIntosh. Regarding the quote he gave to McIntosh, Johnson testified that it would cost $3,969 including parts and labor to replace the 10 SEER model with a 13 SEER model. He explained that a 13 SEER model would need to be used because the 10 SEER model was no longer made, and in his opinion, could not be found. His testimony showed that even though only the exterior unit was taken, both the interior and exterior units would have to be replaced for the system to work because a 13 SEER exterior unit would not work with a 10 SEER interior unit. Johnson also testified that while there is an aftermarket for used air conditioners, he could not resell a used air conditioner to a third party.

Following Johnson's testimony, the State rested. Appellant's trial counsel requested a directed verdict, arguing that the State failed to prove the stolen property's value because Johnson only testified to the amount of his quote to replace the entire unit, which included parts and labor. The trial court granted the State's request to reopen its case, and Johnson was recalled.

On recall, Johnson testified that the 13 SEER replacement system's retail price was $2,242, excluding parts and labor. However, he admitted that the $2,242 included the price of both the interior and exterior units and that the exterior unit could be sold alone but that he did not know how much it cost if sold separately. Appellant's trial counsel renewed his request for a directed verdict, arguing that the State was required to prove the replacement value of the property stolen—the exterior unit—and had failed to do so. The trial court denied the motion and the jury convicted appellant. This appeal followed.

In his first issue, appellant contends that the State's evidence was legally insufficient as to the stolen property's value. Specifically, appellant contends that (1) there was legally insufficient evidence that the stolen property's fair market value was unascertainable, and (2) even if there was sufficient evidence in that regard, there was legally insufficient evidence of the stolen property's replacement value. In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the

essential elements of a crime beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex.Crim.App.2005). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim.App.1999). The jury may choose to believe or disbelieve any portion of the testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in the prevailing party's favor. *Turro v. State,* 867 S.W.2d 43, 47 (Tex.Crim.App.1993). However, our duty as a reviewing court requires us to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *Williams v. State,* 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We will not uphold a fact-finder's decision if it is irrational or unsupported by more than a mere modicum of the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

■ Theft of property valued between $1,500 and $20,000 is a state-jail felony. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (Vernon Supp. 2008). The State was required to prove the stolen property's value in this case through evidence of either (1) its fair market value at the time and place of the offense, or (2) the cost of replacing it within a reasonable time after the theft if fair market value could not be ascertained. *See* TEX. PENAL CODE ANN. §§ 31.03(e)(4)(A), 31.08 (Vernon 2003 & Supp. 2008). Fair market value is the amount of money that the property would sell for in cash, given a reasonable time for selling it. *Keeton v. State,* 803 S.W.2d 304, 305 (Tex.Crim.App.1991). Either the own-

er of the property or a non-owner may give testimony regarding an item's value. *See Sullivan v. State,* 701 S.W.2d 905, 908 (Tex.Crim.App.1986). We presume that an owner's testimony regarding the value of property is an estimation of the property's fair market value. *Id.; Jones v. State,* 814 S.W.2d 801, 803 (Tex.App.-Houston [14th Dist.] 1991, no pet.). As a result, the owner may testify as to the fair market value of the property either in terms of purchase price or the cost to him of replacing the stolen property. *Jones,* 814 S.W.2d at 803 (citing *Sullivan,* 701 S.W.2d at 908). Because such testimony is an offer of the owner's best knowledge of the value of his property, it is legally sufficient evidence for the trier of fact to make a determination as to value based on the owner's credibility as a witness. *See id.* If a defendant wishes to rebut the owner's opinion evidence as to value he must do more than merely impeach the witness's credibility during cross-examination; he must actually offer controverting evidence as to the value of the stolen item. *See id.* However, it is axiomatic that a conviction for theft cannot depend on items not alleged to have been stolen, and where the only evidence on value includes the value of items not stolen, there is in effect no evidence to show that value exceeded the minimum amount necessary to support the conviction. *Riggs v. State,* 561 S.W.2d 196, 197 (Tex.Crim.App.1978); *Drost v. State,* 47 S.W.3d 41, 46 (Tex.App.-El Paso 2001, pet. ref'd); *York v. State,* 721 S.W.2d 605, 607–08 (Tex.App.-Fort Worth 1986, pet. ref'd).

■ Here, the only evidence regarding the stolen property's value was based on Johnson's quote to McIntosh for replacing the entire air conditioning system. McIntosh's testimony regarding value depended on Johnson's quote, and Johnson's testimony clarified that the quote actually includ-

ed the cost of parts, labor, and the interior unit, which was not taken. Though Johnson later parsed the cost of parts and labor from his quote, he still only testified to the cost of the entire system and admitted that he did not know the replacement cost of the exterior unit alone. The State never presented any evidence of the value of the exterior unit alone. Because the only evidence of value included items not alleged or proven to have been stolen, there is in effect no evidence to show that the value of the air conditioning component actually stolen exceeded the amount necessary to support appellant's conviction. *See Riggs,* 561 S.W.2d at 197; *York,* 721 S.W.2d at 607–08. As a result, the jury's verdict cannot be upheld. *See Moreno,* 755 S.W.2d at 867. Thus, even when viewed in the light most favorable to the verdict, the evidence was legally insufficient to support appellant's conviction. *See Riggs,* 561 S.W.2d at 197; *York,* 721 S.W.2d at 607–08. We therefore sustain appellant's first issue.

■ The State acknowledges that value cannot be based on the value of property not alleged to have been stolen, but nevertheless contends that either (1) the evidence proved appellant stole both the exterior and interior units, or (2) even if appellant did not steal the interior unit, the exterior unit's replacement value was $2,242 because the interior unit was rendered useless. We are not persuaded. The State predicates its first argument on the fact that the indictment generally alleges that appellant stole an "air conditioner unit," Johnson's testimony that the air conditioning unit included both an interior and an exterior component, and the theory that appellant "appropriated" the interior unit when he detached it from the exterior unit. Regardless of whether the indictment's allegation that appellant stole an "air conditioning unit" was broad enough to allege that appellant stole both the exterior and interior units, we disagree that the mere fact that appellant must have disconnected the interior unit in order to steal the exterior unit allows an inference that he intended to deprive the complainant of it. *See* TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2008) (requiring as element of theft that the State prove defendant acted with intent to deprive the owner of property); *Warren v. State,* 810 S.W.2d 202, 203–04 (Tex.Crim.App.1991) (per curiam) (holding that evidence that woman removed pants from man who had pretended to pass out, took items from his pants pocket, threw the pants aside and put the items in her purse was insufficient to prove intent to deprive the man of his pants as required to convict defendant of stealing them). Therefore, the evidence is insufficient to prove that appellant stole the interior unit.

■ The State's second argument is based on the mistaken premise that replacement cost is the same as the cost required to make the complainant "whole again." However, including the value of the interior unit in the replacement cost because it was rendered useless by the theft of the exterior unit is no less inappropriate than including the cost of installation, intangibles, or property not alleged to have been stolen. *See Riggs,* 561 S.W.2d at 197; *York,* 721 S.W.2d at 607–08. The Texas Penal Code requires the State to prove the value of the property actually stolen. *See* TEX. PENAL CODE ANN. §§ 31.03(e)(4)(A), 31.08. The value of the property rendered worthless or damaged, while potentially relevant to a criminal mischief prosecution, is simply not the appropriate calculation in a theft prosecution. *See id.* § 28.03(a)(2) (Vernon Supp. 2008) (defining criminal mischief as, inter alia, the intentional or knowing tampering with

of an owner's tangible property causing the owner pecuniary loss or substantial inconvenience); *see also Riggs,* 561 S.W.2d at 197; *York,* 721 S.W.2d at 607–08. For the above reasons, we disagree with both of the State's arguments regarding the sufficiency of the evidence to establish the stolen property's value.

Having sustained appellant's first issue, we are compelled to reverse his conviction and render a judgment of acquittal.