# NO. 12-13-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GREGORY FRANKLIN RAGAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Gregory Franklin Ragan appeals his conviction for theft of property. He raises three issues on appeal relating to the sufficiency of the evidence, improper jury argument, and charge error. We modify the judgment and remand for a new punishment hearing.

### BACKGROUND

A Rusk County grand jury indicted Appellant for the third degree felony of theft of property valued at $20,000 or more but less than $100,000. A jury found Appellant guilty and assessed punishment at ten years of imprisonment. This appeal followed.

### LEGAL SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends that the evidence is legally insufficient to support his conviction because the State did not prove that the property alleged in the indictment had a value of $20,000 or more. The State argues that the evidence is sufficient because the cost of replacing the stolen property was more than $20,000.

**Standard of Review**

The ***Jackson v. Virginia*** legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense. ***Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see also* ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). We view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ***Id.***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 899. We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789. On appeal, we determine whether the necessary inferences made by the trier of fact are reasonable, based on the cumulative force of all of the evidence. ***Adames v. State***, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

We measure evidentiary sufficiency as defined by a hypothetically correct jury charge. ***Id.***; ***Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the appellant was tried. ***Id.***

As charged in the indictment, the State was required to show that Appellant, with the intent to deprive, unlawfully appropriated, by acquiring or exercising control over, three electric transformers with the value of $20,000 or more but less than $100,0000, without the effective consent of the owner, James Thompson. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West Supp. 2013). Because Appellant contests only the value element of the State's evidence, we limit our review to this issue.

**Applicable Law**

"Value" is defined in the penal code as "(1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft." ***Id.*** §31.08(a) (West 2011). Fair market value is the amount the property would sell for in cash, given a reasonable time for selling it. ***Simmons v. State***, 109 S.W.3d 469, 473 (Tex. Crim. App. 2003) (citing ***Keeton v. State***, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991)). Value may be

2

proved in a variety of ways. *See id.* When an owner testifies about the value of the appropriated property, the courts presume that the owner's testimony is an estimate of the property's value. *Smiles v. State*, 298 S.W.3d 716, 720 (Tex. App.—Houston [14th Dist.] 2009, no pet.). As a result, the owner may testify as to the fair market value either in terms of purchase price or the cost to him of replacing the stolen property. *Id.* at 719. The value of property rendered worthless or damaged, while potentially relevant to a criminal mischief prosecution, is not the appropriate calculation in determining fair market value in a theft prosecution. *See id.*

**The Evidence**

The State called two witnesses during the guilt-innocence phase of trial—the arresting officer, Johnny Edwards, and the victim, James Thompson. Officer Edwards testified that around the time period in which Appellant was arrested, Rusk County was experiencing a "major problem with . . . oil field theft." Older transformers with a copper core were the primary target of the thefts.

On the night of December 18, 2012, in an effort to "catch who was getting the transformers," Edwards conducted surveillance at one of the oil fields and heard a car "pull up," "ma[k]e a quick stop and then t[ake] off." After the car left, Edwards testified, he heard voices and "snipping sounds like somebody cutting metal." As Edwards called for backup, he saw a blue light turn on and off and a pole-like object going through the air reaching into power lines. Although it was dark, Edwards could see "at least two forms"—one person was crawling up on something and the other was shining the light into the power lines.

Afraid that someone was about to be electrocuted, Edwards turned on his light and identified himself. Edwards placed the man on the transformer platform under arrest, and eventually Appellant came forward and was also arrested. Edwards then photographed the scene. He explained that the fencing around the transformer platform had been cut, and that the transformers had been disconnected, but not yet removed from the platform.

James Thompson testified that the three transformers on the oil lease are used to power oil production. When the transformers "go down," Thompson explained, production on the lease stops. The State asked Thompson, "[W]hat is your opinion as to the value of those transformers of that bank and the cost of what you were out as a result of what happened on December 18, 2012?" Thompson replied, "Well, my boss . . . figured about $20,000 for all of the loss of

3

production, all the labor, everything." But when asked about the cost of the transformers alone, Thompson testified that the combined value of the three transformers was $10,000.

There is no evidence that the fair market value of the three transformers could not be ascertained. *See* TEX. PENAL CODE ANN. § 31.08(a)(2). Although the evidence showed that disconnecting the three transformers caused an economic loss of $20,000 or more, this is not the appropriate calculation for a theft prosecution. *See Simmons*, 109 S.W.3d at 473; *Keeton*, 803 S.W.2d at 305; *Smiles*, 298 S.W.3d at 720. The owner's testimony established that the value of the three transformers was less than $20,000. We conclude that the evidence is legally insufficient to support Appellant's conviction for theft of property greater than $20,000 but less than $100,000. *See Brooks*, 323 S.W.3d at 912. Accordingly, we sustain Appellant's first issue. Having sustained Appellant's first issue, we need not address Appellant's second issue as it relates to the State's closing argument.[1] *See* TEX. R. APP. P. 47.1.


## ATTEMPTED THEFT

In his third issue, Appellant contends that the trial court erred in denying his request to include the lesser included offense of "attempted theft" in the jury charge. The State contends that Appellant did not properly preserve error and was not entitled to an attempted theft instruction.

### Standard of Review

Upon the defendant's request, a trial court must include a lesser included offense instruction in the charge if the offense is a lesser included offense and there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006); *Williams v. State*, 314 S.W.3d 45, 49 (Tex. App.—Tyler 2010, pet. ref'd). Here, Appellant requested that the lesser included offense of "attempted theft" be included in the charge.

Our first duty in analyzing Appellant's jury charge issue is to determine whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error exists, we then analyze for harm. *Id.*

---

[1] The parties agreed that if this court sustained Appellant's first issue, his second issue would be moot.

4

**Applicable Law**

A person commits criminal attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01 (West 2011). A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. *See* TEX. PENAL CODE ANN. § 31.03(a). "Appropriate" means "[1] to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or [2] to acquire or otherwise exercise control over property other than real property." TEX. PENAL CODE ANN. § 31.01(4) (West Supp. 2013). The act of carrying away or removing property is not an element of statutory theft. *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.)

**Discussion**

Appellant contends that the charge should have included an instruction on "attempted theft" because the arresting officer testified that Appellant did not "steal" anything. Although Officer Edwards testified that he stopped Appellant and his codefendant before they "st[ole]" the transformers (or before the crime was "complete"), he confirmed on redirect that he was speaking in terms of the transformers being "taken off." By the time Appellant and his codefendant were arrested, production on the oil lease had stopped because the transformers had been disconnected. When Appellant and his codefendant disconnected the transformers, they exercised control over the property, which is consistent with the penal code's definition for "appropriate." *See* TEX. PENAL CODE ANN. § 31.01(4)(A). There is no evidence that if Appellant was guilty, he was guilty only of "attempted theft." *See Guzman*, 188 S.W.3d at 188. Appellant did not "fail to effect the commission" of theft in this case because asportation is not an element of that offense. *See* TEX. PENAL CODE ANN. §§ 15.01, 31.01(4), 31.03(a); *Hawkins*, 214 S.W.3d at 670. It was not error for the trial court to deny an instruction on "attempted theft." *See Ngo*, 175 S.W.3d at 743. Accordingly, we overrule Appellant's third issue.

**DISPOSITION**

We sustained Appellant's first issue because the State failed to prove the value of the appropriated property was more than $20,000 but less than $100,000. But the State's evidence did prove the essential elements of the offense of theft in the amount of $1,500 or more but less

than $20,000.  Thus, we ***modify*** the judgment to reflect a conviction of theft in the amount of $1,500 or more but less than $20,000, and ***remand*** the case to the trial court for a new punishment hearing.  *See **Bowen v. State***, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012) (appellate court may reform conviction to reflect lesser included offense).

**S<span>AM</span> G<span>RIFFITH</span>**
Justice

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2013**

**NO. 12-13-00183-CR**

**GREGORY FRANKLIN RAGAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 4th District Court

of Rusk County, Texas (Tr.Ct.No. CR13-052-1)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **modified** to reflect a conviction of theft in the amount of $1,500 or more but less than $20,000, and the cause be **remanded** to the trial court for a new punishment hearing; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*