**Motion for Rehearing Denied; Motion for Rehearing En Banc Denied as Moot; Memorandum Opinion of July 9, 2015, Withdrawn; Affirmed and Substitute Majority and Dissenting Opinions filed October 20, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-14-00304-CR

## HENRY RICHARD BULLOCK, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1400383**

## S U B S T I T U T E   M A J O R I T Y   O P I N I O N

We withdraw the memorandum opinion issued in this case on July 9, 2015, and we issue this substitute majority opinion. We deny appellant's motion for rehearing. We deny as moot appellant's motion for rehearing en banc.[1]

---

[1] Appellant contends his name is incorrectly captioned in this case and it is "Richard Bullock Henry or Imari Obadele." We use the name appearing in the trial court's judgment.

A jury found appellant guilty of theft of a truck valued at $20,000 or more but less than $100,000, a third-degree felony. *See* Tex. Penal Code Ann. § 31.03(a), (e)(5) (Vernon Supp. 2014). The jury found two enhancement allegations true and assessed punishment at thirty years' confinement. Appellant challenges his conviction in three issues, contending that (1) the evidence is legally insufficient to prove the value of the truck; (2) he suffered egregious harm from the trial court's failure to define "value" in the jury charge; and (3) the trial court erred by refusing to charge the jury on the lesser-included offense of attempted theft. We affirm.

## I.    SUFFICIENCY OF THE EVIDENCE OF VALUE

In his first issue, appellant contends the evidence is legally insufficient to prove beyond a reasonable doubt that the fair market value of the truck at the time of the offense was $20,000 or more but less than $100,000. We hold that the evidence is legally sufficient.

## A.    Standards for Legal Sufficiency and Proof of Value

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quotation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In reviewing historical facts that support conflicting inferences, we must presume that the jury resolved any conflicts in the State's favor, and we must defer to that resolution. *Whatley*, 445 S.W.3d at 166.

Neither party asks this court to modify the trial court's judgment to reflect a different name.

2

"[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* (alteration in original) (quotation omitted).

In a theft case, the State has the burden to prove the property's value through evidence of either "(1) its fair market value at the time and place of the offense, or (2) the cost of replacing it within a reasonable time after the theft if fair market value could not be ascertained." *Smiles v. State*, 298 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing Tex. Penal Code Ann. § 31.08). "Fair market value is the amount of money that the property would sell for in cash, given a reasonable time for selling it." *Id.* When an owner of the property testifies about value, we "presume that an owner's testimony regarding the value of property is an estimation of the property's fair market value." *Id.* An owner may testify about fair market value "in terms of purchase price or the cost to him of replacing the stolen property." *Id.* "Because such testimony is an offer of the owner's best knowledge of the value of his property, it is legally sufficient evidence for the trier of fact to make a determination as to value based on the owner's credibility as a witness." *Id.* "If a defendant wishes to rebut the owner's opinion evidence as to value he must do more than merely impeach the witness's credibility during cross-examination; he must actually offer controverting evidence as to the value of the stolen item." *Id.*

## B.    Evidence at Trial

Roy Martinez testified that he was an assistant manager at Cort Furniture Rental, and he was making a delivery with the company's leased delivery truck. It was a big, twenty-six-foot box truck with eighteen-wheeler tires and air brakes. It was a "pretty heavy" truck that held about 25,000 pounds. While Martinez was in the back of the truck, appellant got in the cab, turned on the truck, and revved the engine by pushing on the gas pedal. The truck did not go forward because the air

brake was on, so Martinez went to the cab of the truck and confronted appellant. Appellant's hands were on the steering wheel, and appellant was pushing the gas and the brake pedals. Appellant jumped out of the truck and ran away. After a chase, Martinez subdued appellant.

Martinez testified about the truck's value:

Q. And how much is the truck worth?

A. We have it in the statement from the — because my company leases one from Penske, and the value of the truck is $83,000.

Q. Okay.

A. Without saying, like, the merchandise, you know.

Q. That was only the value of the vehicle itself?

A. Just the vehicle.

. . . .

Q. Right. And how did you — how do you know the value of the vehicle?

A. Well, that day they asked me what was the value of the vehicle since I'm kind of familiar and been working there for many years. Every time they give us — every five years they give us new trucks and they let us know the value of the trucks so we can take care of, you know, the vehicles. It's part of our tools.

. . . .

Q. Mr. Martinez, we're calling you back to the stand just very briefly. When we were talking about the value of the vehicle, how do you know that information?

A. The information was provided from Penske Rental Trucks because we lease — well, the company leases the trucks from Penske Company.

Q. And so you have personal knowledge of the value of the vehicle?

A. Yes, sir. They send us an e-mail and with the price — well, the value of that truck right here (indicating).

Q. And that's an e-mail from who?

A. From Penske, I think, managers from there, they sent it to us.

Q. And Cort doesn't own the truck. You guys rent the truck?

A. This is just a lease truck.

Q. It's a lease?

A. A lease truck.

Appellant represented himself at trial with standby counsel. On cross-examination, although appellant testified that he did not agree the value of the truck was over $20,000 and under $100,000, he testified, "No, I don't know what the truck was valued at."

## C. Sufficient Evidence of Value

Appellant concedes that Martinez is an owner of the truck for purposes of this appeal, and generally, an owner's testimony about the property's value is sufficient to sustain a conviction. Citing several cases from other states, appellant asks this court to depart from established Texas law by requiring additional evidence of the owner's familiarity with the property, such as its age, condition, or deterioration. We review appellant's authorities below.

In *Sanchez v. Florida*, the court of appeals recited the first prong of its "two-pronged test" for an owner's testimony to be sufficient evidence of value, which requires evidence of the owner's "personal knowledge of the characteristics of the stolen property, such as the quality, cost, and condition of the property." 101 So. 3d 1283, 1286 (Fla. Dist. Ct. App. 2012) (quotation omitted). In Florida, evidence of value is sufficient when there is evidence about "the condition, quality, age, or depreciation of the item," and the evidence is insufficient if "the value of the property is estimated and no other proof is presented." *Id.* at 1287 (quotations omitted). In Florida, "[t]he competence presumed of an owner is fragile." *Id.* at 1286.

5

As discussed above, Texas courts do not treat an owner's competence as fragile. For example, in the seminal Court of Criminal Appeals case *Sullivan v. State*, the court held that evidence was sufficient to prove the value of a gun when the owner "clearly testified that the value of the gun was $500.00." 701 S.W.2d 905, 909-10 (Tex. Crim. App. 1986). The property owner in *Sullivan* initially testified that he had no idea what the gun was worth:

> Q. Because of its special nature, did you inquire during the time period that you owned this gun, particularly right around August and September, '82, what the current price of that gun might have been?
>
> A. No.
>
> Q. Okay, so you don't have any idea what the price of the gun would have been about the time it was stolen?
>
> A. Well, no.

*Id.* at 907. After a short recess, the owner gave his opinion of the value of the gun:

> Q. As the owner of that gun, do you have an idea as to what the market value of that gun was?
>
> A. Since it has been fired and used, I would say Five Hundred Dollars ($500.00).
>
> . . . .
>
> Q. That's why you placed it so high?
>
> A. Yes.
>
> Q. Because you just don't want to sell it?
>
> A. It's worth Five Hundred Dollars ($500.00) at least.

*Id.* Finally, the owner testified that $500 was what he would "take for it," and:

> Q. That's not any comparison with market value? You don't know what this thing sells for out in the street . . . you don't know what it sold for back in September?
>
> A. No.

6

*Id.* The Court of Criminal Appeals held that a property owner's "opinion or estimate" of the value is sufficient absent any "controverting evidence as to the value of the property." *Id.* at 909. In light of *Sullivan*, Florida case law is unpersuasive. *See Campbell v. State*, 426 S.W.3d 780, 785 (Tex. Crim. App. 2014) ("[W]e presume that an owner's testimony estimating the value of his property is either estimating the purchase price of the property or the cost to replace the property in terms of the fair market value, even though the owner may not use specific terms 'market value,' 'replacement value,' or 'purchase price.'") (citing *Sullivan*, 701 S.W.2d at 909).

Appellant also relies on New York and Colorado cases, but those cases have vastly different facts. In the New York case, the witness testifying about value was not the property owner — he was an expert witness. *See People v. Medina*, 490 N.Y.S.2d 491, 492 (N.Y. App. Div. 1985). In the Colorado case, the court did not specify whether the evidence of value came from the property owner, and the witness testified that the value was "in the vicinity of $50." *Henson v. People*, 444 P.2d 275, 277 (Colo. 1968). The offense was theft of property valued at more than $50, so evidence that the value was "in the vicinity" of the element was insufficient. *See id.*

Further, appellant contends that Martinez's testimony was insufficient to prove the value of the truck at the time of the offense because (1) there is no evidence of the age or condition of the truck; (2) there is no accounting for depreciation; and (3) the "lease value" of the truck is not market value. Appellant relies on this court's decision in *Sweeney v. State*, 633 S.W.2d 354 (Tex. App.— Houston [14th Dist.] 1982, pet. ref'd), where the only question and answer about value was:

Q. When you purchased the Sony television, approximately how much did you pay for it?

A. Financed it and it cost me seven hundred.

*Id.* at 355. In *Sweeney*, the evidence was legally insufficient to prove that the value of the television exceeded $200 because there was no evidence of the terms under which the purchase of the television was financed and no evidence of the age or condition of the television that might indicate a lack of significant depreciation. *See id.* at 355-56.

Unlike in *Sweeney*, Martinez testified that his company leased new trucks every five years, leading to the rational inference that the truck in question was less than five years old at the time of the theft. Although Martinez did not provide an opinion about depreciation, such evidence is not always required. *See MaGee v. State*, 715 S.W.2d 838, 839-40 (Tex. App.—Houston [14th Dist.] 1986, no pet.) (noting that in "many" theft cases, the property owner will testify about value based on the purchase price minus depreciation). Here, a rational fact finder could have found beyond a reasonable doubt that the value of the truck was at least $20,000 on the date of the offense.

Further, Martinez testified that the value of the truck itself was $83,000, not what it "cost" the company. That is, Martinez did not testify about the "lease value" or whatever amount the company paid to lease the truck. That type of testimony might not have been evidence of fair market value, just as the amount paid for a financed television was not evidence of fair market value. *See Sweeney*, 633 S.W.2d at 355-56. But Martinez's testimony about value was clear and unequivocal, and appellant did not offer any "controverting evidence as to the value of the stolen item," which was necessary to rebut the property-owner presumption. *See Sullivan*, 701 S.W.2d at 909; *Smiles*, 298 S.W.3d at 719.

The evidence is legally sufficient.  Appellant's first issue is overruled.

## II.    JURY CHARGE: DEFINITION OF "VALUE"

In his second issue, appellant contends the trial court erred by failing to include a jury instruction defining "value" as "fair market value," which caused appellant egregious harm.  Assuming without deciding that "value" should have been defined, we hold that appellant has not suffered egregious harm.

Because appellant did not object to the trial court's failure to define "value" in the jury charge, we will not reverse unless the record shows egregious harm. *See Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).  Jury charge error is egregiously harmful if the error affects the very basis of the case, deprives the defendant of a valuable right, vitally affects the defensive theory, or makes a case for conviction clearly and significantly more persuasive.  *Id.* at 490.  The harm must be actual, not just theoretical.  *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005).  To make this determination, we will review the entire record, including (1) the complete jury charge, (2) the arguments of counsel, (3) the entirety of the evidence, including the contested issues and weight of the probative evidence, and (4) any other relevant factors revealed by the record as a whole. *Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013).

The remainder of the jury charge adequately described the offense and included all of the elements of theft.  *See Lovings v. State*, 376 S.W.3d 328, 337-38 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Rohlfing v. State*, 612 S.W.2d 598, 602-03 (Tex. Crim. App. [Panel Op.] 1981)) (failure of charge to include definition of "without consent" in a sexual assault prosecution did not cause egregious harm; noting that the charge "included all of the elements of the offense").  Thus, the jury charge was not "fundamentally defective." *Id.* at 338.

Further, nothing in the record indicates that the lack of a definition would have "confused the jury or caused the jury to misapply the law." *Id.* In making an egregious harm determination, this court has held that "when a statutory definition is not included in the jury charge, 'it is assumed the jury would consider the commonly understood meaning in its deliberations.'" *Id.* (quoting *Olveda v. State*, 650 S.W.2d 408, 409 (Tex. Crim. App. 1983)) (referring to dictionary definition to determine commonly understood meaning). The dictionary definition of "value" includes "a ***fair*** return in goods, services, or money," and a "***marketable*** price usually in terms of a medium of exchange." Webster's Third New International Dictionary 2530 (1993) (emphasis added).[2] Because the commonly understood meaning of "value" "closely resembles the applicable statutory definition[]," the record does not support a finding of egregious harm. *See Lovings*, 376 S.W.3d at 338 (no egregious harm when the dictionary definition of "consent" included the example "to willingly engage in a sexual act" and it was commonly understood that "without consent" would mean unwillingly engaging in a sexual act; the statutory definition required the use of physical force, violence, or threatening to use force or violence; "the statutory definition was not necessary to correct or complete the jury's understanding of the concepts or terms").

Turning to the evidence and contested issues, the value of the truck was not a significant issue at trial. Appellant's sole defensive theory was that he intended to steal something from the cab of the truck like a navigation system or cash, and he did not intend to steal the truck. Appellant presented no evidence about the value of the truck, and he testified that he did not know the value of the truck. Appellant did not cross-examine Martinez about the value of the truck, and there was no dispute about whether Martinez was testifying about the fair market value

---

[2] We refer to this dictionary because it is "among the most commonly used." *Clinton v. State*, 354 S.W.3d 795, 800 n.2 (Tex. Crim. App. 2011).

or some other type of value (such as replacement cost). *Cf. Hodges v. State*, 160 S.W.2d 262, 264-65 (Tex. Crim. App. 1942) (reversible error for not defining value in the jury charge when there was some evidence that the property had no market value and the replacement value was less than the State's proposed market value).

Accordingly, our review of the evidence and contested issues does not favor a finding of egregious harm. *See Lovings*, 376 S.W.3d at 338-39 (no egregious harm from failing to define "without consent" even though the sole contested issue at trial was whether the sexual encounter was consensual, but the complainant's testimony was consistent with the omitted statutory definition, and the real issue was whose version of the events to believe); *see also Hudson v. State*, 179 S.W.3d 731, 740 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (no egregious harm from failure to define "common-law marriage," "consanguinity," and "affinity," in a prosecution for assault of a family member because the jury heard evidence that the defendant and complainant were common-law married and "it is commonly understood that one's spouse is a member of one's family").

The record as a whole does not demonstrate that the failure of the jury charge to define "value" as "fair market value" deprived appellant of a valuable right, affected a defensive theory, or made the case for conviction more persuasive. Appellant did not suffer egregious harm.

Appellant's second issue is overruled.

### III.   JURY CHARGE: ATTEMPTED THEFT

In his third issue, appellant contends the trial court erred by denying his requested instruction on the lesser-included offense of attempted theft. The State concedes that attempted theft is a lesser-included offense of theft. *See* Tex. Code

11

Crim. Proc. Ann. art. 37.09 (Vernon 2006) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense.").

But a defendant is only entitled to a lesser-included offense instruction if there is "evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). "[A]nything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). "The evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" *Rice*, 333 S.W.3d at 145 (quoting *Hall*, 225 S.W.3d at 536).

A person commits an attempt offense "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (Vernon 2011). After reviewing the entire record, we conclude there is no evidence that would enable to a jury to find appellant guilty of the attempted theft of the truck as a valid, rational alternative to the theft of the truck.

Appellant testified and argued to the jury that he lacked the specific intent to steal the truck.[3] On rehearing, appellant acknowledges the teaching of *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001): "A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense."

---

[3] Appellant testified, "At no time was I trying to steal the truck," and, "at no time did I try to steal the truck." He testified, "I was looking for something to steal," such as a GPS unit, laptop, cash, checks, money orders, or "something I could take and boogie on down the road with." He argued during closing arguments, "I had no intention whatsoever to take the man's truck."

Appellant nonetheless argues that other testimony, if believed, could have allowed a rational jury to conclude that appellant "had specifically intended to steal the truck and had completed an act amounting to more than mere preparation but which failed to effect the . . . completed theft." Appellant points to his testimony that he did not start the truck or push the accelerator. Appellant also points to Martinez's testimony that appellant was unable to make the truck move while appellant was occupying the driver's seat with his hands on the steering wheel. Appellant contends that "unsuccessful attempts to start and take an automobile have been deemed attempted theft or attempted larceny," citing *Denton v. State*, 911 S.W.2d 388, 388 (Tex. Crim. App. 1995).

Appellant misplaces his reliance on *Denton*, which addressed sufficiency of the evidence to establish that a vehicle was "operated" within the meaning of the statute proscribing unauthorized use of a motor vehicle. *See Denton*, 911 S.W.2d at 388-89) (citing Tex. Penal Code Ann. § 31.07(a)). More germane are cases establishing that a theft offense occurs when the defendant is present without permission behind the steering wheel of a motor vehicle owned by another regardless of whether the vehicle can be started or is moving. *See Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) ("Contrary to common law, it was not necessary that the automobile be moved or carried away."); *Ward v. State*, 446 S.W.2d 304, 306 (Tex. Crim. App. 1969) (conviction based on evidence including "[t]he presence of the appellant behind the steering wheel while alone in the car parked at the 500 Club . . . ."); *Esparza v. State*, 367 S.W.2d 861, 861-62 (Tex. Crim. App. 1963) (defendant was present in the driver's seat of a car that would not start because the ignition wires had been cut); *Krause v. State*, 206 S.W.2d 257, 258 (Tex. Crim. App. 1947) ("We are of the opinion that the offense was complete

when appellant took possession of the automobile since asportation is not a necessary element of the offense . . . .").

We reject appellant's contentions and overrule his third issue.

## IV.  CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/     William J. Boyce
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally (McCally, J., dissenting).
Publish — Tex. R. App. P. 47.2.