ACCEPTED
04-14-00818-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/30/2015 8:50:23 AM
KEITH HOTTLE
CLERK



**Office of the 198th Judicial District Attorney**
Bandera and Kerr Counties
*Scott F. Monroe, District Attorney*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/30/15 8:50:23 AM
KEITH E. HOTTLE
Clerk

October 30, 2015

Hon. Keith Hottle, Clerk
Fourth Court of Appeals
300 Dolorosa Ste 3200
San Antonio, Texas 78205-3037

Re: Lieber v. State; No. 04-14-00818-CR

Dear Mr. Hottle:

Mr. Schulman, who appeared for the State at oral argument on October 13, 2015, reported that Justice Martinez asked questions regarding whether expecting the defendant in a criminal case to introduce evidence of the value of stolen property constituted a shifting of the burden of proof. Please advise the members of the Court that the State does not believe the defendant is required to put on any evidence of value, and that it remains the State's burden to establish the value of the stolen items beyond a reasonable doubt.

However, as was recently stated by the Fourteenth Court of Appeals in ***Bullock v. State***, _____ S.W.3d _____ (Tex.App. - Houston [14th] No. 14-14-00304-CR; October 20, 2015):

> In a theft case, the State has the burden to prove the property's value through evidence of either "(1) its fair market value at the time and place of the offense, or (2) the cost of replacing it within a reasonable time after the theft if fair market value could not be ascertained." *Smiles v. State*, 298 S.W.3d 716, 719 (Tex.App.—Houston [14th Dist.] 2009, no pet.) (citing Tex. Penal Code Ann. § 31.08). "Fair market value is the amount of money that the property would sell for in cash, given a reasonable time for selling it." *Id*. When an owner of the property testifies about value, we "presume that an owner's testimony regarding the value of property is an estimation of the property's fair market value." *Id*. An owner may testify about fair market value "in terms of purchase price or the cost to him of replacing the stolen property." *Id*. "Because such testimony is an offer of the owner's best knowledge of the value of his property, it is legally sufficient evidence for the trier of fact to make a determination as to value based on the owner's credibility as a witness." *Id*. "If a defendant wishes to rebut the owner's opinion evidence as to value he must do more than merely impeach the witness's credibility during cross-examination; he must actually offer controverting evidence as to the value of the stolen item." *Id*.

***Bullock***, slip op. at 3.

It is the State's position that the defendant is entitled to introduce evidence controverting the evidence produced by the State as to the value of the stolen property if he or she chooses to do so. The defendant is never required, however, to introduce any evidence. The jury, of course, is free to accept either the evidence introduced by the State or that introduced by the defendant.

In the instant case, Appellant chose to introduce what he perceived to be controverting evidence as to value. The jury rejected that evidence, as it was free to do.

Please accept this letter as a supplemental post-submission letter brief.

Sincerely,

Scott F. Monroe,
198th District Attorney

Enclosures

cc: M. Patrick Maguire