**Opinion filed November 12, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00366-CR

_____

## TONI MACALUSO CICHY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR40041**

### MEMORANDUM OPINION

The grand jury indicted Toni Macaluso Cichy for theft over $1,500 but less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03(E)(4)(A) (West Supp. 2014). The jury convicted him of the offense of theft over $1,500 but less than $20,000. Appellant pleaded "true" to two enhancement allegations. At the conclusion of the punishment phase of the trial, the jury assessed Appellant's punishment at confinement for five years and a fine of $2,500. The trial court sentenced Appellant

accordingly and ordered Appellant to pay restitution in the amount of $8,500. We affirm.

In a single issue, Appellant argues that there was insufficient evidence of the value of the stolen property. Appellant asserts that the evidence was insufficient because there was no evidence offered as to the fair market value of the stolen property and because its fair market value could not be ascertained. In a sufficiency review, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 898–900 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 287 (Tex. App.—Eastland 2010, pet. ref'd).

Baldemar Ortega Marquez, the owner of M4 Extreme, caught Appellant on his property loading two doors from a custom-ordered paint booth into her pickup. The record shows that Appellant later admitted to both Marquez and Sergeant John Henry of the Midland County Sheriff's Office that she had previously picked up the other pieces of the metal paint booth and sold them as scrap. According to Sergeant Henry, the other stolen pieces of the paint booth were at the scrapyard, but he could not locate them because they were in with piles of other metal.

Marquez affirmed that he went to the junkyard with a deputy. He found the other pieces from the paint booth, but they were bent and unusable. Marquez also explained that the property was essentially valueless because it was custom ordered. Ricardo Rendon, an employee of Marquez, stated that, sometime after Marquez caught Cichy, Rendon sold the two paint booth doors at the scrapyard. Marquez testified that he replaced the stolen paint booth with a similar model two weeks after the theft, at a cost of $8,544. The receipt showing the cost to replace the paint booth was offered into evidence before there had been any testimony as to whether the fair market value was ascertainable.

Under the Texas Penal Code, the value of property is "(1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft." PENAL § 31.08(a)(1), (2) (West 2011). The owner of the property may testify to the value of an item. *Smiles v. State*, 298 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Appellant argues that the State must first prove that the fair market value of the paint booth was unascertainable before the State could rely on evidence of the replacement cost of the booth. The State maintains that, in her argument, Appellant puts form over substance. We agree with the State. Sergeant Henry's and Marquez's testimony regarding the condition of the paint booth was sufficient evidence for the jury to decide that the fair market value of the paint booth was unascertainable. *See Infante v. State*, 404 S.W.3d 656, 661 (Tex. App.—Houston [1st Dist.] 2012, no pet.). It is irrelevant that the receipt was offered into evidence before the testimony of the fair market value of the paint booth. We have reviewed the evidence in the light most favorable to the verdict, and we hold that the jury could have found beyond a reasonable doubt that Appellant committed theft over $1,500 but less than $20,000. Appellant's sole issue on appeal is overruled.

As an alternative argument, Appellant contends that, if we hold that she waived her argument as to value because her attorney failed to object at trial, then trial counsel's omissions deprived her of her right to effective assistance of counsel under the Sixth and Fourteenth Amendments. We have not held that Appellant waived her argument regarding value; therefore, we do not reach Appellant's ineffective-assistance-of-counsel claim.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

November 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.